decedent and a third person, concerning the transaction. (4) The bar of the Statute of Limitations cannot be removed by showing merely a recognition by the defendant of some undefined indebtedness, unless the jury are allowed to determine whether the acknowledgment applied to the indebtedness sued on or not. Opinion by McSherry, C. J.

*Fred. C. Cook* for the appellant. *S. S. Field* for the appellee.

No. 20, January term, 1896. Recorded in Liber J. S. F., No. 2, etc., folio 784 of "Opinions Unreported."

---

## ISAAC S. SANNER *vs.* THE STATE OF MARYLAND.

Appeal from the Court of Common Pleas. *Reversed without a new trial.*

An action was brought by the State to recover from the defendant informers' fees in cases of fines imposed on persons convicted of keeping bawdy-houses between November 23, 1892, and November 23, 1893, the defendant having been at that time sheriff of Baltimore City, and his name having been endorsed on the indictments as informer. *Held*, that since under Code, Art. 38, sec. 2, the State had no interest in the fines so imposed this action could not be maintained. Opinion by Roberts, J.

*Wm. Pinkney Whyte* and *Wm. S. Bryan, Jr.*, for the appellant. *Robt. Ludlow Preston* for the appellee.

No. 18; April term, 1896. Recorded in Liber J. S. F., No. 2, etc., folio 815, of "Opinions Unreported."

---

## WILLIAM HAMILTON *vs.* MARY DOHERTY *et al.*, Administrators of S. E. ALCORN.

Appeal from the Circuit Court of Baltimore City. *Affirmed.*

In August, 1885, Sarah E. Alcorn, then about eighty years of age, was taken by the appellant, who was her

nephew, to his home from the residence of Mrs. Reid with whom she had lived many years, " for company," as he alleged, and to be " free from any charge for board." She continued to reside with the appellant from that time until her death, which occurred in November, 1891. During her residence with him, the appellant obtained possession of her entire property and estate, consisting of " cash, securities and investments." On October 13, 1892, letters of administration *pendente lite* on her estate were granted to the appellees, who demanded of the appellant an account of the money and other property which he had acquired from Sarah E. Alcorn, from the time she was taken to his home, in 1885, to the date of her death. Such account or statement he refused to render, and claimed the entire estate as his own. Thereupon the appellees filed their bill of complaint against the appellant for an account of all moneys, &c., received by him from or for the use of the said Sarah E. Alcorn, alleging that the means by which he obtained them were against equity, and that the said Sarah was, at the time of the making of certain alleged written agreement between her and the appellant, and for sometime previously, of unsound mind and incapable of making a valid deed or contract. The appellant answered this bill, denying the substantial averments thereof, and after much testimony had been taken, the Court, on the 7th February, 1895, passed a decree requiring him to bring into Court within fifteen days the sum of $5,159 ; and referring the proceedings to the auditor to state an account, in which the appellant should be charged with the above named sum and the interest thereon, and should be " credited with such sums as he had paid to Sarah E. Alcorn, and such sums as may be fairly and justly chargeable for her maintenance, and incurred for her funeral expenses." No appeal was taken from this decree, and it was conceded in the argument that the single question presented for consideration in this appeal was as to the adequacy of the allowance made by the auditor to the appellant of the sum of $1,540, for board, care and lodging of Sarah E. Alcorn from August, 1885, to December, 1891, 27 months, at $20.00 per month." *Held,*

that the allowance made by the auditor to the appellant for the board and lodging of the appellee's intestate was amply sufficient compensation.    Opinion by RUSSUM, J.

Submitted on brief by *George R. Willis* for the appellant. Argued by *James W. Denny* for the appellee.

. No. 40, April term, 1896.    Recorded in Liber J. S. F., No. 2, etc., folio 812, of "Opinions Unreported."

## THB BALTIMORE BELT RAILROAD COMPANY *vs.* CHARLES C. McCOLGAN.

. Appeal from the Superior Court of Baltimore City. *Affirmed.*

The plaintiff below (appellee) owned land on both sides of Barclay street, in Baltimore City.    That street, although dedicated, had not been accepted by the municipality at the time the cause of action accrued, but the plaintiff had a right of way over the same.    The defendant (appellant) in constructing its road made a deep excavation at the point where the road crossed Barclay street.    The ordinance authorizing the construction of the road provided that the " said company shall also construct and maintain iron bridges or viaducts for the purpose of carrying Oak street and Barclay street when opened over said railroad."

There were three counts in the declaration—the first proceeding on the theory that it was the duty of the appellant to build a bridge or viaduct over the excavation ; the second alleged, it was its duty to restore the surface to its original conditition before the road was built, and the third claimed that by the excavation of the bed of the street it became impassable and the plaintiff was deprived of the use, benefit and advantage of it, and his property fronting thereon was greatly depreciated in consequence thereof.    As the evidence established the fact that there had been no acceptance of the street by the public authorities, either of the county or city, the first and second counts were practically abandoned and the case tried on the third count.    The trial Court's instruction told the jury that under the uncontra-